UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff(s),<br><br>v.<br><br>REAL PROPERTY LOCATED AT 3865 Stonecrest Rd., West Bloomfield, MI 48322,<br><br>　　Defendant(s). | Case No. 24-cv-10518<br><br>Honorable Robert J. White |

**STIPULATED ORDER FOR INTERLOCUTORY SALE OF REAL PROPERTY**

Plaintiff United States, and Claimants Angela Toma, Peter Valente, and Lake Michigan Credit Union (collectively "Parties"), each by and through counsel, stipulate to the interlocutory sale of the Defendant *in rem* ("Subject Property") in this matter, with the limitations listed below. The Subject Property's legal description is as follows:

> LOT 135, DOHERTY ESTATES NO. 3, AS RECORDED IN
> LIBER 77 OF PLATS, PAGE 7, OAKLAND COUNTY RECORDS.
> COMMONLY KNOWN AS: 3865 STONECREST RD., WEST
> BLOOMFIELD, OAKLAND COUNTY, MICHIGAN 48322
> PARCEL ID: X-18-26-152-003
> TITLED TO: PETER VALENTE AND ANGELA TOMA

The Parties stipulate and agree to the following:

1. The Parties agree and stipulate to the Court's entry of this order for interlocutory sale of the Subject Property, pursuant to 21 U.S.C. § 853(e) and Supplemental Rule G(7)(b), to preserve its remaining value. The Parties further expressly waive any rights or protections that may be provided by 28 U.S.C. §§ 2001, 2002, and/or 2004.

2. Each of the Parties to this Stipulation has discussed the agreements set forth herein with their respective counsels, and by their signatures attests to fully understanding its terms and conditions and the consequences of entering into it.

3. The Parties stipulate and agree that each side shall bear their own costs and attorneys' fees, as it relates to this interlocutory sale in this action. The parties acknowledge that the payment of all other attorney fees shall be determined in their pending divorce action.

4. This Stipulation encompasses the full agreement of the parties regarding the interlocutory sale of the Subject Property. However, the parties acknowledge that the division of any proceeds not forfeited to the government shall be determined in their pending divorce action.

5. This Stipulation is not an admission of guilt or wrongdoing, nor is it an agreement to the eventual forfeiture of the funds obtained as a result of the interlocutory sale, to be held in lieu of Subject Property.

**NOW THEREFORE, AS STIPULATED BY AND BETWEEN THE PARTIES, IT IS ORDERED THAT:**

1. The Subject Property will be sold by Defendant pursuant to the following terms:

    a. Any offers to purchase the Defendant in rem and any closing is subject to approval by the United States for the purpose of ensuring an arms-length transaction. The United States shall not unreasonably withhold approval;

    b. Claimants will notify the United States of the date, time, and location of the closing for the sale of the Subject property, at least seven days prior to the closing.

    c. At the closing for the sale of Defendant in rem, the full amount of the net proceeds will be remitted by the title company to the United States; no proceeds from the sale of the Subject Property shall be remitted, in any form, to the claimants (except to fully pay the claims of Claimant Lake Michigan Credit Union), or any individual or entity on their behalf;

    d. At or before the closing for the sale of the Defendant in rem, the United States will withdraw any Affidavit Relating to Matter Affecting Real Property and/or *Lis Pendens*;

    e. The net proceeds of the sale of the Defendant in rem remitted to the United States will be deposited in the Department of Justice Seized Asset Deposit Fund and substituted for Defendant *in rem* in this action pending a final judgment in this case, becoming a "substitute res" in accordance with Supplemental Rule G(7)(b);

    f. Claimants will cooperate with the United States to assure that net proceeds from the sale of the Defendant *in rem* is distributed as intended under Paragraph 1d.

    g.    **The Subject Property shall be sold free and clear of all right, title, claim, liens, and interest of any and all persons or parties whatsoever existing in said property.**

2. Claimants agree not to contest, or assist anyone else in contesting, the United States' possession of net proceeds from the Sale of the Defendant in rem remitted to the United States, until such time as this civil forfeiture case is resolved.

3. In furtherance of the interlocutory sale, Claimants will execute any documents, which may be required to complete the interlocutory sale of the Subject Property and subsequent transfer of the interest to the buyer.

4. Proceeds from the sale of the Defendant will be utilized and be responsible for any and all normal and reasonable closing costs related to the sale of the Defendant Subject Property. The remaining proceeds shall remain in the DOJ Seized Assets Funds until further Order of the Court.

5. Claimants acknowledge that the sale of the Defendant property may create a tax liability for the claimants and they understand that any such liability will be their responsibility.

    SO ORDERED.

Dated: March 3, 2025                  s/Robert J. White  
                                             Robert J. White  
                                             United States District Judge

**STIPULATED TO:**

Julie A. Beck
Acting United States Attorney

/s/ *K. Craig Welkener*
K. Craig Welkener
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov
No. DC1033585

Dated: February 19, 2025

/s/ *Matthew G. Borgula (w/permission)*
Matthew G. Borgula
Attorney for Claimant Peter Valente
60 Monroe Center Street NW
Suite 500
Grand Rapids, MI 49503
(616) 458-5500
matt@sbbllaw.com

Dated: February 27, 2025

/s/ *Adrienne Hayes* (w/permission)
Adrienne LaMilza Hayes
Michael D. P. Burwell
Attorneys for Claimant
Lake Michigan Credit Union
100 E. Big Beaver Road, Suite 350
Troy, MI 48083
(248) 641-8000
mdburwell@brmattorneys.com
alhayes@brmattorneys.com

Dated: February 20, 2025

/s/ *Jorin G. Rubin* (w/permission)
Jorin G. Rubin
Attorney for Angela Toma
Jorin G. Rubin, P.C.
600 South Adams Road, Ste. 300
Birmingham, MI 48009
(248) 799-9100
jorinrubin@comcast.net

Dated: February 19, 2025